# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.R. and Z.C.**

**No. 22-708** (Roane County 21-JA-54 and 21-JA-55)

## MEMORANDUM DECISION

Petitioner Mother J.R.[1] appeals the Circuit Court of Roane County's August 25, 2022, order terminating her parental rights to A.R. and Z.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In September 2021, the DHHR filed a petition alleging that petitioner physically abused the children by striking them and that she had been convicted of domestic assault for these actions in August 2021. The DHHR alleged that the children suffered emotional trauma from the physical abuse and that petitioner had prior convictions for domestic assaults in 2018 and 2019. At the time of the preliminary hearing, petitioner was incarcerated for the August 2021 domestic assault conviction.

The circuit court held a contested adjudicatory hearing in March 2022, wherein petitioner testified that she struck then-eleven-year-old Z.C. in the presence of then fifteen-year-old A.R., but further stated that the children started the fight as they have significant behavioral problems. Petitioner stated that she had not been the children's sole caretaker since the children briefly lived with her in 2016. Petitioner testified that during her various incarcerations since 2009, she attended parenting classes and participated in substance abuse treatment courses. The DHHR presented the testimony of the maternal grandmother, with whom the children have lived since 2011. The grandmother stated that she allowed petitioner to stay in the home with the children on many occasions but that petitioner inevitably left after a few months to abuse drugs and alcohol. She stated that the children exhibited excellent behaviors and planned to attend college after graduating high school. Based on this evidence, the circuit court adjudicated petitioner as an abusing parent.

---

[1]Petitioner appears by counsel Mark Plants. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Leslie L. Maze appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

Petitioner participated in a forensic psychological evaluation in late July 2021. During her evaluation, petitioner denied having prior Child Protective Services ("CPS") interventions, but the evaluator noted that documents showed interventions in 2018, 2019, and 2021. Petitioner stated that she believed the maternal grandparents were abusing A.R. and Z.C., that the maternal grandparents abused her as a child, and that the children should not be placed with the maternal grandparents. Yet, petitioner explained that she consented to the maternal grandmother's guardianship of the children due to her first incarceration in 2010. She described at least eight prior arrests and three prior incarcerations due to criminal convictions. Petitioner reported that she previously abused pain medications, which resulted in her failure to finish high school and Z.C. being born drug affected. When asked about the current petition's allegations of domestic violence, petitioner stated that "[i]t don't look very good on my parenting." She disagreed that the children were lawfully removed by CPS and stated that she was suing CPS. Petitioner generally denied having parental shortcomings and blamed others for her "past and current failures." The evaluator concluded that petitioner "did not accept meaningful responsibility for her failures as a parent," and was more focused on preventing the children's placement with the maternal grandparents than improving her ability to parent the children. The evaluator's prognosis for petitioner's ability to improve her parenting ability within a reasonable period was "extremely poor" based on several factors, including but not limited to petitioner's 1) significant history of incarcerations, 2) absence of gainful employment, 3) lack of stable housing, 4) abdication of parenting responsibilities to others, and 5) likely noncompliance with services without oversight.

The circuit court held the final dispositional hearing in July 2022, at which it took judicial notice of the testimony presented at the adjudicatory hearing. The court noted the findings contained in petitioner's forensic psychological evaluation and determined that any improvement was unlikely, especially when considering petitioner's failure to address her problems despite receiving "over a decade of services and counseling." Critically, the court found that petitioner had not accepted meaningful responsibility for her actions that led to the filing of the petition. As such, the court denied petitioner's motion for an improvement period. Ultimately, the court concluded that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's best interests. Accordingly, the circuit court terminated petitioner's parental rights to A.R. and Z.C.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that the circuit court erred in denying her motion for an improvement period "in the absence of compelling circumstances to justify the denial."[4] Upon our review, we find no error.

---

[3]The respective fathers' parental rights were terminated below. The permanency plan for the children is adoption by the maternal grandmother.

[4]Petitioner raises no assignment of error concerning the termination of her parental rights.

2

Contrary to petitioner's argument, there is no "compelling circumstances" standard for the granting of an improvement period.[5] Rather, the burden of proof lies with the parent, under West Virginia Code § 49-4-610, to first demonstrate, by clear and convincing evidence, that they are likely to fully participate in the terms of an improvement period. Here, the record shows that petitioner failed to acknowledge parental shortcomings, let alone her physical and mental abuse of the children that led to the filing of the petition. Petitioner minimized the domestic violence in the home and blamed others for her deficiencies. As we have explained,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child[ren]'s expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Because petitioner failed to acknowledge the abuse and neglect at issue, we find no error in the denial of her motion for an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (permitting a circuit court discretion to deny an improvement period when no improvement is likely).

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 25, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[5]Syllabus Point 2 of *State ex rel. W. Va. Dep't of Hum. Servs. v. Cheryl M.*, 177 W. Va. 688, 356 S.E.2d 181, 181 (1987), held that "W.[]Va.[]Code [§] 49–6–2(b) (1984), permits a parent to move the court for an improvement period which shall be allowed unless the court finds compelling circumstances to justify a denial." However, this holding was superseded by statute, West Virginia Code § 49-4-610.